# CV  09  2685

## UNITES STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

_____ X

John Hearn
**individually and on behalf of all
others similarly situated**                    **Plaintiffs**

(S.F.)

-against-

Mercantile Adjustment Bureau, LLC          **Defendants**

_____

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  JUN 24 2009  ★

Docket No.

LONG ISLAND OFFICE

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

**Unlawful Debt Collection Practices**

**TRIAL BY JURY DEMANDED**

## SEYBERT, J.

## BOYLE, M.

## I.  CLASS ACTION COMPLAINT

Plaintiff, JOHN HEARN, individually and on behalf of all others similarly

situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. Section

1692, et seq. ("FDCPA"), for a declaration that the telephone message that the Defendant

uses to collect consumer debts violates the FDCPA, and to recover damages by reason of

Defendant's violations of the FDCPA, and alleges:

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C

Section 1337.  Venue in this District is proper in that the Defendants transact business here

and the conduct complained of occurred here.

### III. PARTIES

2. Plaintiff, JOHN HEARN, is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendant attempted to collect a consumer debt allegedly owed to        .

3. Defendant MERCANTILE ADJUSTMENT BUREAU, LLC is a New York corporation. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

5. The alleged debt Defendant sought to collect from Plaintiff is a consumer debt, as defined by §1692a(5) of the FDCPA, in that it was originally incurred for personal, family or household purposes.

### IV. FACTUAL ALLEGATIONS

6. At all times herein relevant, Plaintiff was and is a "consumer" as defined by 15 USC 1692a(3).

7. At all times herein relevant, Defendant was a "debt collector" as that term is defined by 15 USC 1692a(6).

8. Within one year preceding the date of the filing of the complaint in this action, Defendants placed numerous telephone calls to the Plaintiff and left numerous messages on the voice mail of the Plaintiff's.

9. The messages left by the Defendants on the Plaintiff's voice mail failed to meaningfully identify the Defendant.

10. The messages left by the Defendants on the Plaintiff's voice mail failed to inform Plaintiff that Defendant was a debt collector.

11. The messages left by the Defendant on the Plaintiff's voice mail failed to give the notices required by 15 USC 1692e(11)

12. The Plaintiff listened to the messages left by the Defendant.

13. The Defendant and/or its agents placed telephone phone calls and left messages on the voice mail of other New York consumers within one year preceding the filing of this complaint, said messages also failed to meaningfully identify the Defendant.

14. The Defendant and/or its agents placed telephone phone calls and left messages on the voice mail of other New York consumers within one year preceding the filing of this complaint, said messages failed to inform the other New York consumers that Defendant was a debt collector.

15. The Defendant and/or its agents placed telephone phone calls and left messages on the voice mail of other New York consumers within one year preceding the filing of this complaint, said messages failed to give the other New York consumers the notices required by 15 USC 1692e(11).

## V. VIOLATIONS OF THE FDCPA

16. The actions of the Defendant as described above violate 15 USC 1692 e; 15 USC 1692 e(10);  15 USC 1692 e(11); 15 USC 1692 d; and 15 USC 1692 d(6).

## VI. CLASS ALLEGATIONS

17.     Plaintiff brings the following class pursuant to Federal Rules of Civil

Procedure 23(a) and 23(b)(3) individually and on behalf of all persons in the State of New

York to whom Defendant placed a telephone call attempting to collect a consumer debt and

left a message in which Defendant failed to meaningfully identify themselves; failed to

state that Defendant was a debt collector; and/or failed to give the notices required by 15

USC 1692e(11).

18.     The claims asserted in this case satisfy the requirements of Rule 23(a)

because:

    (A)     The members of the class are so numerous that joinder of all
            members is impractical.

    (B)     There are questions of law and fact common to the Class and these
            questions predominate over any questions affecting only individual
            Class members.

    (C)     The only individual issue is the identification of the consumers who
            received the calls  (*i.e.,* the Class members), a matter capable of
            ministerial determination from the Defendant's records.

    (D)     The Plaintiff's claims are typical of those of the Class members.
            All are based on the same facts and legal theories.

    (E)     Plaintiff will fairly and adequately represent the Class members'
            interests. Plaintiff has retained counsel experienced in bringing class
            actions and collection-abuse claims. Plaintiffs' interests are
            consistent with those of the Class members.

19.     Class action treatment is appropriate under Rule 23(b)(3) because questions

of fact or law common to the members of the Class predominate over any questions

affecting only individual members and a class action is superior to other available methods

for the fair and efficient adjudication of the Class members' claims.

20.     Congress specifically envisions class actions as a principal means of enforcing the FDCPA.  *See* 15 U.S.C. §1692k.

21.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

22.     Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

23.     If the facts are discovered to be appropriate, Plaintiffs will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Plaintiffs asks that this Court enter judgment in his favor and on behalf of the Class, against Defendant as follows:

(A)     Certify the proposed the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and her counsel to represent the Class;

(B)     Statutory damages as provided by §1692k of the FDCPA;

(C)     Attorney's fees, litigation expenses and costs incurred in bringing this action;

(D)     Any other relief this Court deems appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.

**Dated:**          **West Islip, NY**
                    **June 21, 2009**

Respectfully submitted,

Joseph Mauro (JM: 8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921